FILED
United States Court of Appeals
Tenth Circuit

May 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KWMANE DEON MAYS,

    Defendant - Appellant.

No. 18-3061
(D.C. No. 5:16-CR-40097-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

    Kwmane Deon Mays accepted a Fed. R. Crim. P. 11(c)(1)(C) plea agreement and pleaded guilty to one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). He was sentenced to time served and three years of supervised release. But he violated the terms of his supervised release, and the district court revoked his supervised release and sentenced him to twelve months and one day of imprisonment and another eighteen months of supervised release. Although his plea agreement contained an appeal waiver, Mr. Mays appealed from the sentence imposed upon revocation of supervised release. The government moves

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address a *Hahn* factor that the appellant does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In his response to the government's motion, Mr. Mays, through counsel, states that he does not object to the enforcement of the appeal waiver as to this direct appeal. He does not contest any of the *Hahn* factors. Accordingly, the motion to enforce is granted, and this matter is terminated.

Entered for the Court
Per Curiam

2